UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

_____

In re:

      JOSE R. RODRIGUEZ,

          Debtor

Chapter 13

Case No. 11-43369

_____

MOTION FOR SANCTIONS AGAINST NATIONSTAR MORTGAGE, LLC PURSUANT TO
11 U.S.C. SEC. 105(a) FOR VIOLATION OF THE STIPULATION BY AND BETWEEN
NATIONSTAR MORTGAGE, LLC AND DEBTOR REGARDING DEBTOR'S MOTION FOR
SANCTIONS [Doc.#93]
_____

      NOW COMES, Jose R. Rodriguez, the Debtor, (hereinafter the "Debtor" or "Mr. Rodriguez") and moves this Court to issue an order sanctioning Nationstar Mortgage, LLC for violating the Court's order dated June 10, 2013 [Doc.#100] approving the *Stipulation By and Between Nationstar Mortgage, LLC and Debtor Regarding Debtor's Motion for Sanctions* [Doc. # 93].

      In support of such request the Debtor states as follows:

1. This case was filed on August 5, 2011 and confirmed on January 16, 2013 (hereinafter the "Confirmation Order"). The confirmed plan provided for a strip down of the secured claim (hereinafter the "Secured Claim") [1] which was initially held by Aurora Loan Services, LLC (hereinafter "Aurora"). The Debtor's owner-occupied three family house located at 106 Sterling Street, Worcester, MA (hereinafter the "Property") is the collateral supporting the Secured Claim.

2. Pursuant to the Confirmation Order and the Stipulation between Aurora and the Debtor (hereinafter the "Aurora Stipulation"), the parties agreed that, on account of the Secured Claim, Mr. Rodriguez was to pay each month directly to the holder of the claim the sum of

---

[1] The secured claim of Aurora Loan Services is designated as Claim No. 2 on the Claim Register.

    $1,758.40 as principal and interest payment; the sum of $307.74 in escrow for taxes, and the sum of $226.00 in escrow for insurance.

3. The Debtor has materially complied with the provision of the Confirmation Order by making timely monthly payments to the Trustee and following the discharge of this case June 18, 2015 has continued making timely payments to the mortgagor. Furthermore, to the best of the Debtor's knowledge and belief, all required direct payments, including money paid toward tax and insurance escrow were made.

4. On or about August 12, 2012, the Secured Claim was transferred to Nationstar Mortgage LLC (hereinafter "Nationstar").[2]

5. The Debtor and Nationstar, which has officially transitioned to doing business as "Mr. Cooper," have a long history on the docket in this Court.

6. The Debtor's first Motion for Damages for Creditor Misconduct against Nationstar Mortgage, LLC was filed on April 19, 2013. (Doc. 87). The matter was amicably resolved following a stipulation between the Debtor and Nationstar, which was filed by Nationstar on May 21, 2013. A hearing on the matter was held, and Nationstar's stipulation was approved on June 10, 2013.

7. The Debtor's second Motion for Damages for Creditor Misconduct against Nationstar Mortgage was filed on September 23, 2014 following Nationstar's failure to abide by the terms of the stipulation by which this Court bound them. (Doc. 105)

8. Nationstar, of course, filed a timely objection, and the hearing on the matter was continued several times. The Debtor had time to file a Rule 2004 Examination, which was allowed in the interim until the hearing on the Motion for Damages. Finally, after several months, the

---

[2] Doc. #74 styled as *"Transfer of Claim Other Then for Security"*

parties reached a settlement agreement filed with this Court. (Doc. 137) The settlement agreement was approved on or about May 23, 2015.

9. The Debtor received the order containing his discharge on or about June 18, 2015.

10. On or about September 20, 2018 the Debtor began receiving contradictory statements from Mr. Cooper, formerly known as Nationstar Mortgage, along with several concerning letters that led him to reopening his bankruptcy case.

11. Finally, in or about May-June, 2020, Mr. Cooper stopped accepting Debtor's payments and began sending back payments made by the Debtor, Mr. Rodriguez in apparent disregard to this Court's Confirmation Order where the parties agreed that Mr. Rodriguez was to pay $1,758.40 as principal and interest payment; the sum of $307.74 in escrow for taxes, and the sum of $226.00 in escrow for insurance each month directly to the holder of the claim.

12. The Debtor called Mr. Cooper in order to ascertain what the issue was. He was informed that his bankruptcy case was closed, which was factually incorrect, and that he was in arrears in the sum of approximately $32,000.00 based on the pre-bankruptcy contractual agreement. Furthermore Mr. Cooper returned Debtor's monthly payments without cashing them.

13. In light of the foregoing the Debtor's counsel has been holding the Debtor's monthly payments to Mr. Cooper in escrow as Mr. Cooper has refused to accept the payments made in accordance with the agreement filed with this Court.

14. In *In re McCormack*, 203 B.R. 521, 525 (Bankr.D.N.H.1996), the court fined Chase Manhattan Mortgage Corp. $10,000 for "failing to set up appropriate computer or specialized accounting procedures with appropriate instructions to employees to avoid violations of the automatic stay...."

15. In the instant case, it is appropriate to sanction Mr. Cooper in such an amount that would insure its compliance with the Bankruptcy Court Order(s) in the instant case and bring its practice in compliance with the Bankruptcy Code. Such authority is vested in this Court by §105 of the Bankruptcy Code.

16. Furthermore, Mr. Cooper should be ordered to pay the Debtor's attorney's fees associated with this Motion. It should be noted that in this case, Debtor's counsel has filed his final fee application, and but for the actions of Nationstar Mortgage LLC the Debtor would not be liable in this case for any additional legal fees.

WHEREFORE, the Debtor respectfully requests this Court to issue appropriate sanctions against Nationstar Mortgage LLC and to grant such other and further relief as is just and proper.

JOSE R. RODRIGUEZ,
By his counsel:

*/s/ Vladimir von Timroth*

_____
Vladimir von Timroth, Esq., BBO #643553
Law Office of Vladimir von Timroth
405 Grove Street, Suite 204
Worcester, MA 01605
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com

Dated: August 26, 2020

CERTIFICATE OF SERVICE

I, Vladimir von Timroth, do hereby certify that I will, upon receipt of the notice of electronic service, serve a copy of the within document by mailing the same to any of the parties below who are not deemed to have consented to electronic notice or service under EFR 9.

    /s/ *Vladimir von Timroth*
    _____
    Vladimir von Timroth, Esq., BBO #643553
    vontimroth@gmail.com

Dated: August 26, 2020

Denise M. Pappalardo
P. O. Box 16607
Worcester, MA  01601

Jose R. Rodriguez
106 Sterling Street
Worcester, MA  01610

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA  01608

Nationstar Mortgage LLC.
c/o Michael P. Marsille, Esq.
Flynn Law Group
185 Devonshire Street
Suite 401
Boston, MA 02110

Reneau J. Longoria
Doonan, Graves & Longoria, LLC
P.O. Box 513
Beverly, MA 01915-0413

Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067