## SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into on the last day set forth on the signature page hereto by **Nationstar Mortgage LLC d/b/a Mr. Cooper** ("Creditor") and **Jose R. Rodriguez** ("Debtor") for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of the Massachusetts Bankruptcy Court Petition # 11-43369 and in relation to the property located at 106 Sterling Street, Worcester, MA 01610 ("Property"). In the remainder of this Agreement, the Creditor and Debtor shall be referred to collectively as the "Parties."

## RECITALS

WHEREAS, the Parties deem it to be in their respective best interests to settle and compromise all outstanding claims relative to the Debtor's Motion for Sanctions, filed in the Bankruptcy Court on August 26, 2020 under Docket # 160; and to enter into this Agreement; and

WHEREAS, the Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all the Parties, now desire to fully compromise, finally settle, and fully release all claims, counterclaims, disputes and differences between the Parties relative to the Property and enter into this settlement agreement and release. The terms of this Agreement represent a full and final settlement of any and all claims, between the Parties, arising out of the disputed property, other than claims arising out of this Agreement.

## AGREEMENTS, RELEASES, AND PROMISES

**NOW THEREFORE**, in consideration of the facts and mutual general releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto, the Parties promise and agree as follows:

1. Stipulated Dismissal of Litigation Against Nationstar Mortgage LLC: The Parties agree that the Agreement is in full settlement of all claims advanced in the pending litigation as well as any claims that could have been advanced therein and that within 10 days of the execution of this Agreement the Debtor will execute a withdrawal of the Motion for Sanctions against Nationstar.

2. Payment:
   The Parties agree that:

   a. Nationstar will credit the loan to bring it current through October 30, 2020 and due for the November 1, 2020 payment.

   b. Debtor will be obligated to resume ongoing monthly mortgage payments of principal, interest, real estate taxes and hazard insurance beginning with the November 1, 2020 mortgage payment.

1

    c. Debtor's ongoing monthly mortgage payments are to be made as per the terms of the Order Confirming Amended Chapter 13 Plan issued by the Court as Doc. 80, the 2013 Stipulation Agreement filed by the parties as Doc. 93 and Order issued by the Court as Doc. 100 granting the Parties Joint Motion to Approve Stipulation, and the 2015 Settlement Agreement filed by the parties as Doc. 137 and Order issued by the Court as Doc. 147 granting the Parties Joint Motion to Approve Settlement.

    d. Nationstar will pay a sum of $12,000.00 to the Debtor inclusive of attorney costs. Said payment shall be made in good funds and made payable to Debtor's Counsel, Attorney Vladimir von Timroth, within twenty-one (21) days of the execution of the settlement agreement by all parties and receipt of a signed W-9 from Debtor's counsel. The funds will be made payable to the Party indicated on the signed W-9.

    e. Attorney Vladimir von Timroth is authorized to release to the Debtor any and all of the Debtor's mortgage payment funds that he is currently holding in escrow.

3. <u>Execution of Agreement</u>: The Parties further agree that execution of this Agreement resolves all existing claims, past and present, between the Parties.

4. <u>Mutual Release:</u> In consideration of the recitals, covenants and agreements set forth in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, upon the Effective Date of this Agreement, Nationstar hereby forever and fully release, acquit, and forever discharge **the Debtor**, and its predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the subject loan, and its predecessors, heirs or successors in interest and assigns, of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in law or equity, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the Action, the Note or the Mortgage and from any and all manner of action or actions, all causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, loss, costs or expenses of any nature whatsoever, known or unknown, fixed or contingent which the Borrowers now have or may hereinafter have by reason of any manner, cause, or thing that occurred and/or existed from the beginning of time through and including the date this Agreement as fully executed that relates in any way to the subject matter of the loan; the servicing of the loan; the foreclosure of the subject

mortgage; the eviction of the Borrowers; any and all collection activities with respect to the Borrowers' loan; and the condition of the Property.

Except as to such rights, claims or obligations as may be created by this Agreement, the **Debtor, their successor and assigns, and their current and former employees, agents** hereby mutually release **Nationstar,** and its predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the subject loan, and its predecessors, heirs or successors in interest and assigns and all others acting by and through them from any and all manner of action or actions, all causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, loss, costs or expenses of any nature whatsoever, known or unknown, fixed or contingent which the Parties now have or may hereinafter have by reason of any manner, cause, or thing that occurred and/or existed from the beginning of time through and including the date this Agreement as fully executed that relates in any way to the subject litigation and subject property; and from any other additional claims or obligations.

5. Mutual Release of Unknown Claims: **The Parties** acknowledge and agree that they may hereafter discover facts different from, or in addition to, those facts known to them or which they now believes to be true with respect to any and all of the claims, demands, actions, causes of action, suits, liens, debts, obligations, damages, liabilities, judgments, costs, expenses, and fees (including reasonable attorney's fees) existing on the effective date of this Agreement. The Parties nevertheless agree that the releases set forth herein have been negotiated and agreed upon, notwithstanding such acknowledgment and agreement, and hereby expressly waives any and all rights which they may have under any federal or state statute or common law principle which may provide that a general release does not extend to claims which are not known to exist at the time of execution. The Parties understand and acknowledge the significance and consequences of this waiver and assume full responsibility for any and all damages, losses, costs, and expenses they may incur hereafter as a result of any of the facts, matters, and events set forth above.

6. Change of Circumstances: The Parties agree that if any facts, claims or circumstances relating to or with respect to the action of which this Agreement is executed are at any time later found, suspected, or claimed to be other than or different from the facts, claims and circumstances now believed by the parties to be true, that the parties expressly accept and assume the risk of such possible differences of facts, claims and circumstances and agree that the releases set forth herein shall be and remain effective notwithstanding any such differences in any facts, claims or circumstances.

In addition, the parties acknowledge the risk and the possibility that other claims not known may develop or be discovered or consequences or results of claims may develop or be discovered in the future. The parties expressly acknowledge the risk that there may be claims released herein, which they may not know or suspect to exist, whether through

3

ignorance, oversight, error, negligence, or otherwise, and which, if known would affect their decision to enter into this Agreement.

7. <u>Warranties and Representations:</u> The Parties hereto warrant and represent that (a) they are the sole owner of all rights, claims, damages, actions, causes of action, suits and defenses, as the case may be, at law or in equity, they or it has or may have or that were asserted or could have been asserted in the action, and (b) they or it has not assigned, transferred, conveyed, or purported to assign, transfer, or convey to any person or entity any right, claim, action, cause of action, suit (at law or in equity), defense, demand, debt, liability, account, or obligation herein released, or any part thereof, or which would, absent such assignment, transfer or conveyance, be subject to the releases set forth in this Agreement.

8. <u>Accord and Satisfaction:</u> It is expressly understood and agreed that the accepting of said good and valuable consideration is in full accord and satisfaction of the disputed claims, and that payment of said good and valuable consideration is NOT an admission of liability by any of the Parties to this Agreement.

9. <u>No Admission of Liability:</u> The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties hereto, either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims heretofore made or (b) an acknowledgment or admission by either party of any fault or liability whatsoever to the other party or to any third party.

10. <u>Authority:</u> The Parties represent and warrant that each of the undersigned has the authority to act on behalf of its company and to bind its company and all who may claim through it to the terms and conditions of this Agreement.

11. <u>No Representations:</u> The Parties have not relied upon any representations or statements made by each other that are not specifically, set forth in this Agreement.

12. <u>Confidentiality/ Non-Disparagement:</u>

    a. As of the date of this Agreement, the terms of this Agreement shall be deemed confidential and shall not be disclosed, disseminated or published to any person or entities, except as required to each parties' respective auditors, tax preparers, funders and/or Board of Directors, or required by a lawful subpoena, court order, or discovery request to which the disclosing party is obligated to respond.

    b. The Parties agree that they will not disparage, deprecate, denigrate or criticize each other with respect to any act, omission, statement or other occurrence prior to the execution of this Agreement. It is understood that this provision is not intended to prevent, limit or restrict any party from testifying truthfully pursuant to a lawfully issued subpoena in any court, administrative proceeding or legislative proceeding.

4

13. <u>Breach:</u> Any alleged failure to abide by the terms of Paragraph 8 shall constitute a breach of this Agreement and shall entitle the parties to request a Court to issue immediate injunctive relief to enjoin further breaches of this paragraph, and to request damages caused by such breach, and reimbursement to the prevailing party of all reasonable attorneys' fees and costs actually incurred.

14. <u>Modification of this Agreement and Entirety Clause:</u> This Agreement may be amended, changed or waived, in whole or in part, only by a written instrument signed by each of the Parties.

15. <u>Further Assurances:</u> The Parties shall execute any and other further documents, upon written request from the other party, in order to effectuate the terms of this Agreement.

16. <u>Advice of Counsel:</u> Each of the Parties hereto acknowledge and agree that they have received the advice of counsel in connection with entering into this Agreement, and that they are not relying upon any other party concerning this Agreement or any aspect of the transaction contemplated herein.

17. <u>Binding Effect:</u> This Agreement is binding upon and shall inure to the benefit of the Parties hereto and their successors and assigns.

18. <u>Choice of Law:</u> This Agreement shall be interpreted and governed under the laws of the Commonwealth of Massachusetts.

19. <u>Non-Assignment:</u> The Parties represent and warrant to one another that they have not assigned or otherwise transferred or conveyed any claims or rights released herein to any other party prior to entering into this Agreement and that they will not do so subsequent to the date hereof.

20. <u>Counterparts:</u> The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original. All counterparts shall constitute one agreement binding on the Parties regardless of whether both Parties are signatories to the same counterpart, but this Agreement is without effect until both Parties have executed a counterpart. This Agreement may be delivered by telecopier or other facsimile transmission with the same force and effect as if the same were a fully executed and delivered original manual counterpart.

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

[REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

Nationstar Mortgage LLC d/b/a Mr. Cooper

BY: _____ Asst. Sec.    Dated: 11/18/2020
(PRINTED NAME) Kathy Winchester, Assistant Secretary

State of Texas )
County of Denton ) ss.

On this 18th day of November, 2020, before me, Andre Dickson, personally appeared Kathy Winchester, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary signature:

```
ANDRE DICKSON
Notary Public, State of Texas
Comm. Expires 09-24-2022
Notary ID 128053452
```

7

**Jose R. Rodriguez**

BY: *(signature)*  
(PRINTED NAME) Jose Rodriguez  
ITS: _____

Dated: 11/11/2020

State of Massachusetts )  
County of Worcester ) ss.

On this 11th day of November, 2020, before me, Jose R. Rodriguez, personally appeared Jose R. Rodriguez, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

*(signature) Dmitry von Timroth*  
Notary signature: 2/14/2025

